1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HOLLY FRISTOE,                           No.  2:15-cv-2460 KJM GGH PS

12                   Plaintiff,

13          v.                                  ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14
      ANATA MANAGEMENT, LLC, et al.,
15
                     Defendants.
16

17          Plaintiff is proceeding in this action pro se and has paid the filing fee.  Presently pending

18    before the court are various motions, including plaintiff's "motion for summary judgment," filed

19    January 15, 2016, Anata Management Solutions' ("Anata") motion to dismiss, filed January 20,

20    2016, the United States' motion to dismiss, filed March 24, 2016, and plaintiff's motion to

21    prevent the U.S. Attorney from representing the Internal Revenue Service ("IRS") and to require

22    this entity to secure its own counsel, filed April 8, 2016.  Having reviewed all filings in support

23    and in opposition to these motions, the undersigned now issues the following order and findings

24    and recommendations.[1]

25    BACKGROUND

26          Plaintiff is a taxpayer whose work for her former employer, Anata, based in Utah, was

27    _____

      [1]  These motions are decided on the record, no hearing having been held.
28

                                                  1

performed in Eureka California for the years 2010 through 2012.[2]  The complaint alleges that

Anata intentionally, recklessly and fraudulently issued W-2 tax forms which calculated plaintiff's

daily per diem allowance for 2010 and 2012 as gross wages which were taxable.  (For whatever

reason, plaintiff does not claim any refund is due for tax year 2011).  Plaintiff asserts that her per

diem should not be taxable, and that she is owed a tax refund from the IRS based on Anata's

misreporting.  Plaintiff has attached affidavits and amended tax forms.  (ECF No. 1 at 10-23.)

She seeks damages from Anata for the hardship and distress caused her by the IRS' attempts to

collect taxes on her allegedly non-taxable daily per diem, and she seeks a tax refund from the IRS

for tax years 2010[3] and 2012, as well as punitive damages.

DISCUSSION

     I.      Legal Standards

          A.  Rule 12(b)(1) - Subject Matter Jurisdiction

On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears

the burden of proof that jurisdiction exists.  See, e.g., Sopcak v. Northern Mountain Helicopter

Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp.,

594 F.2d 730, 733 (9th Cir. 1979).  Different standards apply to a 12(b)(1) motion, depending on

the manner in which it is made.  See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal.

1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack,"

the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to

those applied when a Rule 12(b)(6) motion is made."  Doe v. Schachter, 804 F. Supp. 53, 56

(N.D. Cal. 1992).  Presuming its factual allegations to be true, the complaint must demonstrate

---

[2]  Plaintiff asserts in her request to file a sur-reply, ECF # 26, p.2 that for the purposes of this case her "tax home" has always been in Sacramento, CA, [or West Sacramento], and that she performed temporary work for Anata in Eureka, CA for the period of time at issue here.  No one disputes here that the distance from Sacramento to Eureka is non-commutable.

[3]  The exhibits submitted by the parties demonstrate that plaintiff's per diem was not taxable for part of tax year 2010.  On this motion to dismiss the court will simply assume the truth of the complaint's averments, i.e., that the appropriate part of tax year 2010 is at issue here.

that the court has either diversity jurisdiction or federal question jurisdiction.  For diversity

jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendant must be residents of different

states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either

(1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy"

within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,

369 U.S. 186, 198, 82 S. Ct. 691, 699-700 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often

referred to as a "speaking motion," the court does not presume the factual allegations of the

complaint to be true.  Thornhill, 594 F.2d at 733.  In a factual attack, defendant challenges the

truth of the jurisdictional facts underlying the complaint.  "Faced with a factual attack on subject

matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No

presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material

facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

Id.  (quotations and citation omitted).  The court may hear evidence such as declarations or

testimony to resolve factual disputes.  Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.

1988).[4]

### B.  Rule 12(b)(6) - Failure to State a Claim

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[4]  If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot
determine the jurisdictional issue until such facts are appropriately resolved.  See Roberts v.
Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft
Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion
determines facts where jurisdictional issue and merits are intertwined).

1   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

2   Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

3   factual content that allows the court to draw the reasonable inference that the defendant is liable

4   for the misconduct alleged."  Id.

5          In considering a motion to dismiss for failure to state a claim, the court accepts all of the

6   facts alleged in the complaint as true and construes them in the light most favorable to the

7   plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

8   however, required to accept as true conclusory allegations that are contradicted by documents

9   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

10  conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

11  1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

12  prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

13  to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

14  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

15  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

16  particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

17  & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

18  evaluating them under the standard announced in Iqbal).

19         In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

20  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

21  matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

22  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

23  consider a memorandum in opposition to a defendant's motion to dismiss to determine the

24  propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

25  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

26  whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

27  2003).

28  ////

4

1    II.    United States' Motion to Dismiss

2        The United States brings this motion for lack of subject matter jurisdiction and for failure

3    to state a claim in regard to plaintiff's third, fourth and fifth claims for relief wherein she seeks a

4    tax refund for years 2010 and 2012, and punitive damages against the United States and the IRS.

5        A.    Subject Matter Jurisdiction

6        As set forth in the standard above, if the court has no subject matter jurisdiction, it has no

7    authority to hear the case.  Here, there is no subject matter jurisdiction in regard to the United

8    States and the IRS.

9        A suit for refund of taxes may only be brought against the United States, 26 U.S.C. §

10   7422(f); Wiltgen v. United States, 813 F.Supp. 1387, 1395 (D.Iowa 1992); Brennan v. C.I.R., 581

11   F.Supp. 28, aff'd. 752 F.2d 187 (6th Cir.1984), and then only if the taxpayer has actually paid the

12   disputed tax.  Flora v. United States, 362 U.S. 145, 80 S.Ct. 630 (1960); Francis v. United States,

13   715 F.Supp. 973 (D .Nev.1988).

14       The IRS is not a proper party to this action which must be brought against the United

15   States.  Furthermore, plaintiff has not alleged that she has paid all of the taxes for tax year 2012

16   which is one of the years in dispute.  In fact, in seeking punitive damages, the complaint requests

17   "the just amount of what Plaintiff would have to pay to the Defendants, and each of them, if

18   Plaintiff refused to pay her taxes…."  The United States has submitted evidence that in fact

19   plaintiff has not paid her 2012 tax bill in full.  As of January 1, 2016, an Account Transcript by

20   the IRS indicates that she had a tax liability of $14,112.57 plus interest and penalty for a total

21   balance due of $17,819.28.  (ECF No. 20-2 at 1.)  The United States' Exhibit 1 may be considered

22   with its motion to dismiss because the government is mounting a factual attack on jurisdiction.

23   See McCarthy, 850 F.2d at 560.  Plaintiff has failed to submit evidence in opposition to satisfy

24   her burden to establish subject matter jurisdiction.  See Savage v. Glendale Union High School,

25   343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).  Therefore, any refund claim for the 2012 tax year is

26   dismissed for lack of jurisdiction.

27   ////

28   ////

5

Nor is there jurisdiction over the United States for damages or punitive damages pursuant to the doctrine of sovereign immunity.[5][6]   Plaintiff has failed to cite any statute or provision of the Internal Revenue Code in support of her claims against the United States; however, a limited exception to sovereign immunity is contained in the Omnibus Taxpayer's Bill of Rights, 26 U.S.C. § 7433, as amended by the Internal Revenue Service Restructuring & Reform Act of 1998, allowing taxpayers to recover civil damages from the United States for unauthorized collection activities, when IRS employees cause the damage through reckless, intentional, or, as recently amended (effective July 22, 1998), negligent disregard of the Internal Revenue Code or regulations.   The Taxpayer's Bill of Rights is the exclusive remedy for alleged abuses involved in the collection of taxes (even to the exclusion of FTCA and Bivens claims). 26 U.S.C. § 7433(a). Section 7433 does not permit a suit for damages by a taxpayer for improper assessment of taxes. Shaw v. U.S., 20 F.3d 182, 184 (5th Cir.), cert. denied, 513 U.S. 1041 (1994).   The Ninth Circuit is in accord.   See Miller v. U.S., 66 F.3d 220, 223 (9th Cir.1995) ("we align ourselves with the Fifth Circuit").

> The legislative history of Section 7433 tells us that "an action under this provision may not be based on alleged ... disregard in connection with the determination of tax." Conf.Rep. No. 1104, 100th Cong., 2d Sess., at 229, reprinted in 1988–3 Internal Revenue Cum.Bull.  473, 719.  Taxpayers who wish to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court, 26 U.S.C. §§ 6213, 6214, or a refund action in the district court.  26 U.S.C. § 7422.  Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures.

Gonsalves v. I.R.S., 975 F.2d 13, 16 (1st Cir. 1992).

This case does not present a claim of abuse or unauthorized collection by an individual IRS employee.   It presents only a grievance requesting a tax refund based on plaintiff's

---

[5]  The United States refers to a "Fifth Claim for Relief;" however, the complaint submitted to the court for filing contains no fifth claim.  It does nonetheless seek damages and punitive damages in the prayer.  (ECF No. 1.)

[6]  There is a distinction between subject matter jurisdiction and sovereign immunity.  Powelson v. U.S by and through Sec. of Treasury, 150 F.3d 1103, 1104-1105 (9th Cir. 1998).  However, dismissal is appropriate whether phrased in terms of jurisdiction or sovereign immunity.  Id.

1  misperception of the law concerning tax deductions for per diem allowance.  Since plaintiff is

2  challenging only the determination of the tax, the United States has not waived its sovereign

3  immunity and such a claim is not actionable.

4                    B.  Failure to State a Claim Against the United States

5          Assuming for the sake of argument that the court had subject matter jurisdiction over any

6  of plaintiff's claims against the United States, plaintiff has failed to state a claim on the merits.

7  This discussion is also warranted to address plaintiff's claims against Anata.

8          26 U.S.C. § 62(a)(2)(A) provides in part that adjusted gross income consists of gross

9  income minus deductions consisting of expenses paid or incurred by the taxpayer for work done

10  as an employee through arrangement with the employer.

11          26 U.S.C. § 162(a)(2) provides:

12              (a) In general.--There shall be allowed as a deduction all the
               ordinary and necessary expenses paid or incurred during the taxable
13              year in carrying on any trade or business, including—

14              …

15               (2) traveling expenses (including amounts expended for meals and
               lodging other than amounts which are lavish or extravagant under
16              the circumstances) while away from home in the pursuit of a trade
               or business;…
17

18  "For purposes of paragraph (2), the taxpayer shall not be treated as being temporarily away from

19  home during any period of employment if such period exceeds 1 year."  Id.  The purpose behind

20  this rule is that "the cost of producing income is deductible from a person's taxable income."

21  Henderson v. Commissioner, 143 F.3d 497, 499 (9th Cir. 1998), citing Hantzis v. Commissioner,

22  638 F.2d 248, 249 (1st Cir. 1981).

23          Therefore, a per diem may only be excluded from income if it is an expense made while a

24  taxpayer is away from home.  The taxpayer's "tax home" is that residence or abode "within the

25  general area of h[er] employment or as close thereto as is reasonably possible…."  Coombs v.

26  Commissioner, 608 F.2d 1269, 1275 (9th Cir. 1979).

27          [I]n general, as between various possible 'abodes,' the abode or at least the locale of the

28  abode which is located in the vicinity of the taxpayer's principal place of business or employment,

1    or as close thereto as possible, will be considered the taxpayer's tax home for purposes of travel

2    expense deduction of section 162(a) (2)." <u>Coombs</u>, 608 F.2d at 1275.  An exception to this rule

3    applies, however, where a taxpayer's employment in another area is temporary as opposed to

4    indefinite.  See <u>Neal v. Commissioner</u>, 681 F.2d 1157, 1158 (9th Cir. 1982).  "Where it appears

5    probable that a taxpayer's employment outside of his regular abode will be for a 'temporary' or

6    'short' period of time, then his travel expenses are held to be deductible; conversely, if the

7    prospects are that his work will continue for an 'indefinite' or 'indeterminate' or 'substantially'

8    long period, then the deduction is disallowed." <u>Wright v. Hartsell</u>, 305 F.2d 221, 224 (9th Cir.

9    1962).  "What constitutes 'a long period of time' varies with circumstances surrounding each

10   case." <u>Harvey v. Commissioner</u>, 283 F.2d 491, 495 (9th Cir. 1960).[7]

11           Once a taxpayer accepts employment for an indefinite time or permanently away from the

12   usual abode, the tax home changes to the new location.  <u>Coombs</u>, 608 F.2d at 1275-76, *citing*

13   <u>Markey v. Commissioner</u>, 490 F.2d  1249,1253 (6th Cir. 1974).  "[T]he decision to retain a

14   former residence is a personal choice, and the expenses of traveling to and from that residence are

15   non-deductible personal expenses." <u>Coombs</u>, 608 F.2d at 1276, citing I.R.C. § 262.

16           Here, plaintiff claims that her home remained for all purposes during the time at issue in

17   Sacramento, not Eureka, where she was working for three years from 2010 to 2012.[8]  Pl's Oppo.,

18

19   [7]  The previous 11 lines are taken from <u>Drum v. Commissioner</u>, No. 94-70850, 1995 WL 429050
     at *1, 61 F.3d 910 (9th Cir.  Jul. 20, 1995) (unpublished).  The undersigned does not cite <u>Drum</u> as
20   precedent, but accepts its reasoning as the reasoning of the undersigned.  The <u>Drum</u> citation is for
     attribution purposes only.
21   [8]  According to the United States' reply filed in support of its motion to dismiss, plaintiff's
     administrative claim originally alleged that her employer was in Utah, and she worked in
22   California.  (ECF No. 25 at 3-4.)  The government objects to plaintiff's opposition which now
     asserts these new facts, that her home was in Sacramento and she worked in Eureka during the
23   pertinent time period.  Plaintiff's response to this argument is off point and attributes cases to the
     government's briefing which the government has not cited.  Under the variance doctrine, as
24   pointed out by the government, plaintiff may not vary the factual basis for her claim.  <u>See</u>
     <u>McDonnell v. U.S.</u>, 180 F.3d 721, 722 (6th Cir. 1999); <u>Muskat v. U.S.</u>, 554 F.3d 183 (1st Cir.
25   2009).  In any event, whether the analysis is based on plaintiff's original facts or her most recent
     factual version as stated in her opposition, the result is the same.  Plaintiff may not deduct travel
26   expenses where her tax home was not temporary, but was indefinite for the three year period at
     issue.
27

28

1  ECF No. 22 at 5-6.  Where there are two possible abodes, however, the abode which is in the

2  vicinity of the principal place of employment is considered the tax home for purposes of the

3  travel expense deduction in § 162(a)(2).  Coombs, 608 F.2d at 1275.

4        As it is undisputed that plaintiff worked at an indefinite assignment that lasted much

5  longer than one year, her tax home became Eureka (or California under the facts in her

6  administrative claim), and her travel expenses were not deductible.  See Davis v. United States,

7  861 F.2d 558, 564 n.1 (9th Cir. 1989) (pursuant to Revenue Ruling 83-82, for assignments lasting

8  one year or less, all facts and circumstances are considered; assignments of one to two years

9  length will be assigned rebuttable presumption that stay is indefinite; expected or actual stay of

10  two years or more qualifies as indefinite regardless of circumstances);  Hantzis v. Commissioner,

11  638 F.2d 248, 255 (1st Cir. 1981) (law student from Boston who had summer internship in New

12  York had no business reason to maintain home in Boston during that time despite fact her

13  husband lived in Boston and she also lived there during school year; therefore she had no

14  business ties to Boston and was not "away from home").

15        Plaintiff's own documents acknowledge these facts as well as the tax guidelines.

16  Attached to her opposition is a letter from her employer congratulating her on one year in the

17  Eureka area:  "Happy Anniversary!  On 5/26/10 you hit the one year mark at Humboldt."  (Pl.'s

18  Ex. 9, ECF No. 18 at 17.)[9]  The letter informed plaintiff that since her per diem would become

19  taxable after 365 days on the site, she was entitled to an increase in her per diem allowance.  Id.

20  Plaintiff has submitted no argument whatsoever in her opposition, let alone any contradiction of

21  the plain terms of this letter informing her that her per diem becomes taxable after one year, but

22  has merely listed exhibits and makes bald conclusions about some of them, such as that Anata

23  was "starting to steal Plaintiff's per diem making Plaintiff pay taxes on all of the money."  (ECF

24  No. 18 at 2.)  This letter also serves to demonstrate that Anata was following the tax law and did

25  not commit fraud in this respect as plaintiff alleges.

26  _____

27  [9]  Plaintiff asserts in her request to file a sur-reply, ECF 26 at 2, that she worked for Anata in
Eureka commencing on May 25, 2009, "348 miles for her "tax home" in Sacramento.  Such
assertions are at the very least judicial admissions.

28

1    Courts may not usually consider evidence outside the complaint or its exhibits in

2    evaluating a motion to dismiss for failure to state a claim.  Marder v. Lopez, 450 F.3d 445, 448

3    (9th Cir. 2006); Outdoor Media Group, Inc., 506 F.3d at 899.  Nevertheless, even if the exhibits

4    to plaintiff's opposition are not considered, her complaint admits as much.  In an exhibit to the

5    complaint, plaintiff states that she was a contractor with Anata "from 2010 through and including

6    2012…."  (ECF No. 1 at 7.)  Based on the length of time, her actual stay of more than two years

7    qualifies as indefinite regardless of the circumstances, and can be determined based on the

8    complaint and the instant motion.  Therefore, plaintiff was an indefinite employee with a tax

9    home in the vicinity of her employment (Eureka, California between 2010 and 2012, and her

10   travel expenses were not deductible for this three year period (commencing on or a day after May

11   2010).

12       In sum, plaintiff has failed to state a claim against the United States in regard to the 2010

13   tax year.[10]  For these same reasons, plaintiff has failed to state a claim for fraud against Anata.

14   See discussion *infra*.

15       III.    Anata's Motion to Dismiss

16       Anata's motion to dismiss is based insufficient process and insufficient service of process

17   pursuant to Fed. R. Civ. P. 12(b)(4) and (5) respectively, and on failure to state a claim under Fed.

18   R. Civ. P. 12(b)(6).

19           A.   Service of Process

20       Anata contends that process and service of process were insufficient, as it was served with

21   a summons issued to the IRS with a requirement to answer within sixty days.

22       "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of

23   the subject matter of the suit asserts jurisdiction over the person of the party served."  Mississippi

24   Publishing Corp. v. Murphree, 326 U.S. 438, 444–45, 66 S.Ct. 242 (1946).  "Before a federal

25   court may exercise personal jurisdiction over a defendant, the procedural requirement of service

26   _____

27   [10]  The court need not reach the issue of whether plaintiff has failed to state a claim in regard to
     tax year 2012 because there is no jurisdiction where plaintiff has failed to pay taxes in full for that
     year; however, the same analysis and result would issue even if plaintiff had done so.

28

1    of summons must be satisfied."  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S.

2    97, 104, 108 S.Ct. 404 (1987).  Accordingly, Rules 12(b)(4) and 12(b)(5) permit a court to

3    dismiss an action for insufficiency of service of process.  Fed.R.Civ.P. 12(b)(4)-(5).  Rule 12(b)

4    (4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5)

5    allows the defendant to attack the manner in which service was, or was not, attempted.  Id.  When

6    the validity of service is contested, the burden is on the plaintiff to prove that service was valid

7    under Rule 4.  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir.2004).  If the plaintiff is unable to

8    satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and

9    quash the service of process.  Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th

10   Cir.1976).

11           Rule 4(a)(1) sets forth the requirements for the form of a summons, including that it name

12   the court and the parties, be directed to the defendant, state the name and address of plaintiff, be

13   signed by the clerk, and bear the clerk's seal.  Fed.R.Civ.P. 4(a)(1).  "Dismissals for defects in the

14   form of summons are generally disfavored."  U.S.A. Nutrasource, Inc. v. CNA Ins. Co., 140

15   F.Supp.2d 1049, 1052 (N.D.Cal.2001).  "Technical defects in a summons do not justify dismissal

16   unless a party is able to demonstrate actual prejudice."  Chan v. Society Expeditions, 39 F.3d

17   1398, 1404 (9th Cir.1994).  In addition, "[e]ven if the summons fails to name all of the defendants

18   ... dismissal is generally not justified absent a showing of prejudice."  United Food & Commercial

19   Workers Union, Locals 197, et al. v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984)

20   (internal citations omitted) ("Rule 4 is a flexible rule that should be liberally construed so long as

21   a party receives sufficient notice of the complaint.").

22           Rule 4 also sets forth the requirements for the manner of service.  It requires that a

23   defendant corporation be served either:

24                    (A) in the manner prescribed by Rule 4(e)(1) for serving an
                      individual; or
25
                      (B) by delivering a copy of the summons and complaint to an
26                    officer, a managing or general agent, or any other agent authorized
                      by appointment or by law to receive service of process and - if the
27                    agent is one authorized by statute and the statute so requires - by

28

                                                      11

1   also mailing a copy of each to the defendant....

2   Fed. R. Civ. P. 4(h).

3   An individual may be served by, *inter alia*, personally delivering a copy of the summons

4   and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a

5   copy of each to an agent authorized to receive service.  Fed.R.Civ.P. 4(e)(2).  California requires

6   service on a person designated as agent for service of process, or other specifically designated

7   corporate officer, where the defendant is a corporation.  Cal. Civ. Proc. Code § 416.10.  Such

8   individuals include "the president, chief executive officer, or other head of the corporation, a vice

9   president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief

10  financial officer, a general manager…."  Cal. Civ. Proc. Code § 416.10(b).

11  In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a

12  corporation by substituted service which requires leaving the summons and complaint during

13  normal office hours at the office of the defendant with a person "who is apparently in charge" and

14  thereafter mailing a copy of the summons and complaint to the defendant at that same office.

15  Where a defendant is out-of-state, however, California provides for service by mail

16  subject to the following requirements.

17  A summons may be served on a person outside this state in any
    manner provided by this article or by sending a copy of the

18  summons and of the complaint to the person to be served by first-
    class mail, postage prepaid, requiring a return receipt. Service of a

19  summons by this form of mail is deemed complete on the 10th day
    after such mailing.

20

21  Cal. Civ. Proc. Code § 415.40.

22  In addition, where the out-of-state defendant is a corporation, the aforementioned service

23  requirements of Cal.Civ. Proc. Code § 416.10 must also be met.  Cruz v. Fagor America, Inc.,

24  146 Cal.App.4th 488, 496 (2007).  In such a case, service is effective by proof of service as

25  follows:

26  Proof that a summons was served on a person outside this state
    shall be made: [¶] (a) If served in a manner specified in a statute of

27  this state, as prescribed by Section 417.10, and if service is made by
    mail pursuant to Section 415.40, proof of service shall include

28  evidence satisfactory to the court establishing actual delivery to the

12

1    person to be served, by a signed return receipt or other evidence.

2    Cal. Civ. Proc. Code § 417.20(a).

3         Anata claims that plaintiff has not complied with either the service of process

4    requirements or the process requirements.  Plaintiff has clearly failed to comply with Rule

5    4(a)(1). The summons did not name defendant Anata and was not directed to this defendant, but

6    named only the IRS.  See Fed.R.Civ.P. 4(a)(1).  It also provided the incorrect time period in

7    which to answer.  Opp'n to Mot. for Summ. J., Exs. A, B, ECF No. 32; Kloeppel Dec. in support

8    of Anata Mot. to Dismiss, Ex. A, ECF No. 10 at 4, 42.  *Compare* Fed. R. Civ. P. 12(a)(B) (party

9    must serve answer within 21 days) and Rule 12(a)(3) (United States must serve answer within 60

10   days).  As the summons did not comply with Rule 4(a), Anata claims that it also failed to comply

11   with Rule 4(h), which requires the service of a valid summons.

12        Plaintiff concedes that Anata was served with the wrong summons and seeks to rectify

13   service.  (ECF No. 17.)  Plaintiff's request is denied as her complaint will be dismissed on the

14   merits, rendering proper service superfluous.

15                 B.  Failure to State a Claim

16        Anata also moves to dismiss on the basis that plaintiff has failed to state a claim.  For the

17   same reasons that plaintiff has failed to state a claim against the United States, plaintiff also fails

18   to state a claim against the Anata.[11]  Plaintiff's per diem allowance was taxable income that could

19   not be deducted because she was not away from home from 2010 through 2012, but her tax home

20   changed to Eureka (or California according to the administrative claim) during the three years she

21   lived there.

22        In regard to plaintiff's claim of fraud against Anata, given the tax laws pertaining to

23   plaintiff with her tax home in Eureka or California for the pertinent time period, Anata did not

24   ────────────────────
     [11]   Anata requests that the court take judicial notice of IRS Publication 463, entitled "Travel,
     Entertainment, Gift and Car Expenses," for use in preparing 2014 Returns.  (ECF No. 11.)

25   A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d
     500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

26   This publication pertains to tax year 2014, which is not at issue in this case.  Moreover, it is
     denied as unnecessary to the previous analysis of the government's motion to dismiss for failure

27   to state a claim, which applies equally to Anata.

28

                                            13

1    willfully file fraudulent information in regard to her taxes, but correctly reported plaintiff's per

2    diem allowance as wages.  In fact, plaintiff concedes that she was paid all of the monies that

3    Anata reported paying to her pursuant to IRS code and regulations.  (ECF No. 1 at 10-12, 17-19.)

4         Furthermore, as pointed out by Anata, although plaintiff alleges fraud, she has failed to

5    plead it with particularity.  Any claim sounding in fraud is subject to the requirements of Fed. R.

6    Civ. P. 9.  That rule, titled "Pleading Special Matters," provides as follows with regard to claims

7    of "Fraud or Mistake; Conditions of Mind":

8              In alleging fraud or mistake, a party must state with particularity the
               circumstances constituting fraud or mistake.  Malice, intent,
9              knowledge, and other conditions of a person's mind may be alleged
               generally.
10

11    Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the

12    specific fraudulent conduct against which they must defend, but also 'to deter the filing of

13    complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the

14    harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally

15    imposing upon the court, the parties and society enormous social and economic costs absent some

16    factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac

17    Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Accordingly, pursuant to Rule 9(b), a

18    plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements

19    and explanations of why allegedly misleading statements are misleading.  See Vess, 317 F.3d

20    1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).

21         Permitting amendment to allow plaintiff to plead fraud with particularity would be futile

22    in this case, because Anata properly reported her correct taxable income.

23         IV.    Plaintiff's Motion for Summary Judgment

24         Plaintiff has filed a document styled "motion for summary judgment," seeking in effect to

25    enter default judgment against defendant Anata for failing to file an answer to the complaint

26    within twenty-one days.  Anata has filed an opposition, to which plaintiff has filed a reply.

27    Plaintiff has failed to effectuate proper service of process on Anata.  See Fed. R. Civ. P. 4(a);

28    Opp'n to Mot. for Summ. J., Exs. A, B, ECF No. 32; Kloeppel Dec. in support of Anata Mot. to

                                        14

1    Dismiss, Ex. A, ECF No. 10 at 4, 42.  Anata was not required to respond to its receipt of a

2    summons directed to the Internal Revenue Service, and therefore it is not in default for failing to

3    answer the complaint.  Plaintiff does not seem to understand that when service is insufficient,

4    there is no duty to respond to the complaint.  Based on the findings addressing Anata's separately

5    filed motion to dismiss based in part on insufficient process and insufficient service of process;

6    see discussion *supra*; this motion should be denied.

7            Furthermore, plaintiff's motion is defectively noticed.  E.D.L.R. 230(b).  See also Fed. R.

8    Civ. P. 55(b)(2) (written notice required at least seven days prior to hearing).

9        V.  Plaintiff's Motion for IRS to Secure Separate Counsel

10       Plaintiff has filed a motion entitled, "motion for my employee, the U.S. Attorney, from

11   representing a non-U.S. governmental entity, the Internal Revenue Service."  (ECF No. 23.)

12   Plaintiff requests either that the IRS be required to secure its own counsel, or that the U.S.

13   Attorney be required to submit documentation showing it is required to represent the IRS.

14       Plaintiff's motion is denied as frivolous.  The U.S. Attorney is charged with prosecuting and

15   defending all matters arising under internal revenue laws, in all courts other than the Tax Court.

16   See 28 C.F.R. § 0.70(a), (c).  The IRS is a government bureau under the Department of the

17   Treasury.  See 26 C.F.R. § 601.01.

18   CONCLUSION

19          Accordingly, IT IS ORDERED that: Plaintiff's motion to prevent the U.S. Department of

20   Justice from representing the IRS and to require the IRS to secure other counsel, filed April 8,

21   2016, (ECF No. 23), is denied.

22          For the reasons stated herein, IT IS RECOMMENDED that:

23       1.  Plaintiff's motion for summary judgment, construed as a motion for default judgment,

24           filed January 15, 2016, (ECF No. 5), be denied;

25       2.  Anata Management Solutions' motion to dismiss, filed January 20, 2016, (ECF No. 9),

26           be granted;

27       3.  The United States' motion to dismiss, filed March 24, 2016, (ECF No. 20), be granted;

28       4.  This action be dismissed with prejudice; and

15

1      5.  The Clerk of the Court be directed to close this case.

2          These findings and recommendations are submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen

4   (14) days after being served with these findings and recommendations, any party may file written

5   objections with the court and serve a copy on all parties.  Such a document should be captioned

6   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7   shall be served and filed within seven (7) days after service of the objections.  The parties are

8   advised that failure to file objections within the specified time may waive the right to appeal the

9   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated: July 19, 2016

11                                      /s/ Gregory G. Hollows

12                              UNITED STATES MAGISTRATE JUDGE

16  GGH:076/Fristoe2460.mtns

16